IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Baquan Sledge,<br><br>    Defendant. | **ORDER DENYING DEFENDANT'S MOTION FOR HABEAS RELIEF**<br><br>Case No. 3:20-cr-042 |
| Baquan Sledge,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | Case No. 3:25-cv-167 |

Before the Court is the Defendant's "Motion to Vacate under 28 U.S.C. § 2255" filed on July 11, 2025. See Doc. No. 1724. The Government filed a response in opposition to the motion on August 27, 2025. See Doc. No. 1730. For the reasons outlined below, the motion is denied.

**I.    BACKGROUND**

In February of 2020, the Defendant, Baquan Sledge, was charged with conspiracy to distribute and possess with intent to distribute oxycodone (Count 1), money laundering conspiracy (Count 2), possession with intent to distribute oxycodone (Count 3), maintaining a drug-involved premise (Count 8), and continuing criminal enterprise (Count 14). See Doc. No. 19. On June 2, 2022, the Defendant's jury trial began in Fargo, North Dakota. See Doc. No. 1199. On June 17, 2022, after eleven days of testimony and argument, the jury found the Defendant guilty on all counts. See Doc.

No. 1201. On June 27, 2022, Sledge filed a post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. See Doc. No. 1219. After making detailed findings, the Court denied the motion concluding "the evidence was overwhelming." See Doc. No. 1366, p. 6.

On January 13, 2023, after finding a total offense level of 40 and a criminal history category of IV, which produced an advisory Sentencing Guideline range of 360 months to life, the Court sentenced Sledge to 360-months on Count Fourteen (CCE) and 240-months on Counts One, Two, Three, and Eight, all sentences to run concurrently. See Doc. Nos. 1505 and 1506. Sledge appealed. On July 16, 2024, the Eighth Circuit Court of Appeals vacated Sledge's conspiracy conviction after concluding it was a lesser included offense of the CCE conviction. See Doc. No. 1647-2; United States v. Sledge, 108 F.4th 659 (8th Cir. 2024). The judgment was affirmed in "all other respects." Id. The mandate was issued on August 7, 2024. See Doc. No. 1651.

The Court entered an amended judgment on August 15, 2024. See Doc. No. 1658. The amended judgment imposed the same 360-month sentence on the CCE charge (Count 14) and 240-month sentences on Counts Two, Three, and Eight as the original judgment with all sentences to run concurrently. See Doc. No. 1658. Sledge filed a pro se notice of appeal objecting to the amended judgment on September 5, 2024. See Doc. No. 1663. On October 8, 2024, the Eighth Circuit Court of Appeals summarily affirmed the Court's amended judgment. See Doc. No. 1678. Now before the Court is Sledge's motion under Section 2255 filed on July 11, 2025. See Doc. No. 1724. The motion has been fully briefed and is ripe for consideration.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 provides a federal prisoner an avenue for relief upon a showing that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); see also King v. United States, 595 F.3d 844, 852 (8th Cir. 2010). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis, 417 U.S. at 343. Section 2255 is also not an opportunity to relitigate issues that were argued and rejected on direct appeal. United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."); see also Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003).

A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255; Engelson v. United States, 86 F.3d 238, 240 (1995). A Section 2255 motion "may be dismissed without hearing if (1) movant's allegation, accepted as true, would not entitle the petitioner to relief, or (2) [the] allegations cannot be accepted as true because they are contradicted by the

3

record, are inherently incredible, or are conclusions rather than statements of fact." See <u>Winters v. United States</u>, 716 F.3d 1098 (2013); <u>see also</u>, <u>Holloway v. United States</u>, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motions, files and records of the case inconclusive); <u>Smith v. United States</u>, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing).

### III. LEGAL DISCUSSION

Sledge raises four claims for relief in his motion and asks that his conviction be vacated. Claim One alleges the Court lacked jurisdiction because the federal government has no legal right to police Indian reservations. Claim Two makes a similar argument to Claim One regarding federal authority over Indian reservations and the Defendant being a tribal member. Claim Three, citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), contends federal law enforcement agencies cannot interpret federal law to give themselves jurisdiction over Indian reservations. Claim Four alleges a First amendment violation and is difficult to understand. Sledge seems to be concerned with a lack of access to a law library and an inadequate Section 2255 form he was provided but did not file. As the Court will explain below, all the claims fail as a matter of law.

#### A. CLAIM ONE AND TWO

In the first two claims, Sledge generally attacks the Court's jurisdiction over crimes committed in Indian Country. Sledge suggests the federal courts and Department of Justice have no authority to prosecute crimes committed in Indian Country. These claims are devoid of any merit.

Sledge, who is not a tribal member, was the leader of a drug trafficking conspiracy from 2015 through 2020. During this time, Sledge was a resident of Michigan who regularly traveled from Michigan to North Dakota along with his co-conspirators, to distribute large amounts of controlled substances on the Turtle Mountain Indian Reservation, the Spirit Lake Indian Reservation, the Fort Berthold Indian Reservation, and elsewhere in North Dakota.

Sledge was convicted on four separate charges all of which are crimes of general applicability: (Count 2) money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h) and (a)(1); (Count 3) possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (Count 8) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2; and (Count 14) continuing criminal enterprise (CCE), in violation of 21 U.S.C. §§ 848(a) and (c). These laws are of general applicability which means they apply against all persons and irrespective of the situs of the crime. United States v. Wadena, 152 F.3d 831, 841 (8th Cir. 1998). Thus, they apply both on and off the reservation and to tribal members and non-members alike. United States v. Milk, 66 F.4th 1121, 1130 (8th Cir. 2023); United States. v. Brisk, 171 F.3d 514, 521 (7th Cir. 1999). Drug trafficking offenses are prosecuted as violations of general federal law, and apply to everyone within the United States, including Indian country.

The federal government has a significant interest in the nationwide enforcement of its anti-drug laws, including across reservation boundaries. Brisk, 171 F.3d at 521 (noting that drug conspiracies are not "intramural affairs"). Sledge's contention that his drug dealing on the reservation is outside the reach of federal criminal law is clearly without merit and frivolous. United States v. Drapeau, 414 F.3d 869, 878 (8th Cir. 2008) (concluding the defendant, a tribal member, was "subject to arrest for violation of the federal drug laws just as is any other American citizen."). It is well-

established that federal district courts have subject matter jurisdiction over federal drug offenses. United States v. Blue, 722 F.2d 383, 386 (8th Cir. 1983) (finding district courts have subject matter jurisdiction over federal drug trafficking offenses that occur on reservations). Sledge's first two claims for relief fail and are devoid of any merit.

### B.  CLAIM THREE

In his third ground, Sledge cites to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) to support his contention that the United States lacks jurisdiction to prosecute him due to "overextended jurisdiction" and "Chevron deference." Sledge misapprehends the ruling in *Loper*. In *Loper Bright*, the Supreme Court held that federal courts need not, and under the Administrative Procedure Act may not, defer to an agency's interpretation of the law simply because a statute is ambiguous, overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Sledge's interpretation of *Loper Bright* and *Chevron* is misguided. These are civil cases dealing with executive agency interpretation of federal statutes and whether the courts or agencies should have the final say on questions of law and the review of agency action. Loper Bright, 603 U.S. at 392. Neither case involves criminal law, federal prosecutions, Indian Country jurisdiction, or anything remotely related to the present criminal action. *LoperBright* has no application to this criminal case. This claim is devoid of merit and fails as a matter of law.

### C.  CLAIM FOUR

Sledge's fourth claim for relief is his assertion that his First Amendment rights have been violated, claiming "logistical barriers" while incarcerated. He also complains about a "form" he was

required to use, although he did not use a preprinted form to file his Section 2255 motion. The claim is difficult to construe, and it may be that Sledge is simply pointing out the difficulties of acting *pro se* while incarcerated and asking the Court for deference.

The First Amendment guarantees freedoms concerning religion, expression, assembly, and the right to petition. The First Amendment protects a defendant's right to "petition the Government for a redress of grievances." U.S. Const. amend. I. But nothing in the First Amendment entitles Sledge to any legal relief. Sledge filed a timely *pro se* Section 2255 motion on July 11, 2025. He was not denied a "reasonably adequate opportunity" to prepare his Section 2255 motion. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (while inmate does not have abstract, freestanding right to law library or legal assistance, he must have reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to courts). Since Sledge's direct appeal was decided, he has filed several pro se pleadings, including a second notice of appeal. See Doc. Nos. 1661, 1662, 1663, and 1675. These filings demonstrate he has been able to conduct his own legal affairs in a timely manner, including the filing of the current Section 2255 motion. Sledge has failed to demonstrate a First Amendment violation that would entitle him to relief under Section 2255. As a result, claim four fails as a matter of law.

### IV.   REQUEST FOR HEARING

Sledge has requested the Court hold an evidentiary hearing on his motion. 28 U.S.C. § 2255 provides a hearing is required "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required when the claim is inadequate on its face or if the record, files, and motion conclusively demonstrate the

defendant is not entitled to the relief he seeks. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). In this case, the record is well-established and adequate for full consideration of the issues raised in the motion. The challenges raised are primarily legal in nature. A careful review of all the materials submitted by the parties, the transcripts, the PSR, and the record as a whole leads the Court to conclude that an evidentiary hearing is unnecessary for a full consideration of the issues raised in the motion.

## IV.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons set forth above, the Defendant's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1724) is **DENIED**. In addition, the Court issues the following **ORDER**:

(1.)   The Court certifies that an appeal from the denial of this motion may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

(2.)   Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2025.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court